**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

_____

In re:

    SHAW STREET PROPERTIES, LLC
    Debtor

_____

CHAPTER 7

CASE NO. 22-20486 (JJT)

OCTOBER 28, 2022

**<u>OBJECTION OF SHAW STREET PROPERTIES LLC TO THE PROOF OF CLAIM OF US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR VELOCITY COMMERCIAL CAPITAL LOAN TRUST 2016 - 2</u>**

    The Debtor in this Chapter 7 case hereby objects to that certain Proof of Claim filed October 13, 2022 on behalf of US Bank, N.A., as Trustee for Velocity Commercial Capital Loan trust 2016 – 2 ("Velocity"), recorded as Claim No. 2 in this Court's Claims Registry. In support of this Objection, the Debtor, Shaw Street Properties LLC ("Shaw Street"), represents as follows:

    1.    As shown in the attachments to Velocity's Proof of Claim, by Order of the Superior Court, Judicial District of Windham at Putnam, the Honorable Ann E. Lynch presiding, Velocity obtained a Deficiency Judgment against J & M Holdings, LLC and its Guarantor, Pierce Hall. Equally obvious, is that no judgment entered against Shaw Street.

    2.    Velocity's Proof of Claim seems to rest upon a document styled Amended Proposed Order for Charging Order dated May 23, 2022 and a nearly identical Proposed Order for Charging Order dated May 20, 2022, neither of which are executed by any judicial authority. However, notices appear to be attached suggesting that the Charging Orders entered charging whatever interest Pierce Hall had in Shaw Street pursuant to

Connecticut General Statute § 34-259b.

3. Velocity now asserts this claim in this Chapter 7 case alleging that it is a creditor.

4. However, Velocity is not one of Shaw Street's creditors.

5. At best, the Proof of Claim demonstrates that to the extent Shaw Street was to desire to pay funds over to Pierce Hall, some of those funds must first be paid to Velocity. Presently, Claim Nos.1 and 3, filed against Shaw Street if allowed in their entirety, renders the issue of funds delivered to Mr. Hall as moot.

6. In the event that Shaw Street's Objection to the claim of Eastern Connecticut Savings Bank (Claim No. 3 in the Court's Claims Register) is sustained, upon conclusion of this Chapter 7 case, the Trustee by law would be required to pay Claim No. 1 and after paying whatever commission the law allows for his administration of this case, the Trustee is obliged to return any property that it holds at the close of the case to Shaw Street. There is no provision in the Code for interposing the claim of a judgment creditor holding a Charging Order against a Member to receive these funds.

Respectfully submitted,
Shaw Street Properties LLC

   /s/ Patrick W. Boatman
Patrick W. Boatman, Esq.
Boatman Law LLC
155 Sycamore Street
Glastonbury, CT 06033
Ph: 860-291-9061
Fax: 860-291-9073
E-mail: pboatman@boatmanlaw.com
Fed. Bar. No. ct05336

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | |
|---|---|
| **In re:** | **CHAPTER 7** |
|     **SHAW STREET PROPERTIES, LLC** | **CASE NO. 22-20486 (JJT)** |
|     Debtor | **OCTOBER 28, 2022** |

### CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Objection has been sent electronically via the Court's PACER system to all parties of record with electronic addresses on this 28th day of October, 2022.

    /s/ Patrick W. Boatman
Patrick W. Boatman, Esq.
Boatman Law LLC
155 Sycamore Street
Glastonbury, CT 06033
Ph: 860-291-9061
Fax: 860-291-9073
E-mail: pboatman@boatmanlaw.com
Fed. Bar. No. ct05336